**EXHIBIT A**

3476114.1

Patrick J. McGroder III (No. 002598)
Lincoln Combs (No. 025080)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
pjm@gknet.com
lincoln.combs@gknet.com

Evan S. Goldstein (No. 011866)
Hesam Alagha (No. 026607)
HERMAN | GOLDSTEIN
1850 East Thunderbird Road
Phoenix, Arizona 85022
Telephone: (602) 569-8200
Facsimile: (602) 569-8201
egoldstein@hgfirm.com
meo@hgfirm.com
Attorneys for Plaintiffs

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOHN CASTRO and SHAREECE GERBER, in their capacities as the natural parents and guardians of JOHN DOE CASTRO,<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. WILSON; TRACY MONTGOMERY; CITY OF PHOENIX; CITY OF PHOENIX POLICE DEPARTMENT; CALEB LAIESKI; JOHN DOES and JANE DOES 1-10; WHITE AND BLACK CORPORATIONS I-X,<br><br>Defendants. | No. CV2014-009078<br><br>**COMPLAINT**<br>(Negligence; Direct Negligent Infliction of Emotional Distress; Intentional Infliction of Emotional Distress; Aiding and Abetting Tortious Conduct; Negligent Supervision; Civil Rights Violation Under 42 U.S.C. § 1983; Punitive Damages) |

For their Complaint against Defendants, and each of them, Plaintiffs allege the following:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiffs, John Castro and Shareece Gerber (hereinafter "Plaintiffs"), are residents of Maricopa County, Arizona and were residing in Maricopa County at all times relevant to this action. Plaintiffs are the natural parents of John Doe Castro.

2. Defendant Christopher Wilson, is a former Detective with the City of Phoenix Police Department. He was a resident of Maricopa County at all times relevant to this action.

3. Defendant Tracy Montgomery, is the Assistant Chief of the City of Phoenix Police Department and head of the Strategic Services Division. She was a resident of Maricopa County at all times relevant to this action.

4. Defendant City of Phoenix, is an Arizona municipal corporation that owns and operates the City of Phoenix Police Department.

5. At all times relevant to this Complaint, Defendant Wilson was acting under color of state law and within the course and scope of his official duties as a Detective with the City of Phoenix Police Department.

6. At all times relevant to this Complaint, Defendant Montgomery was acting under color of state law and within the course and scope of her official duties. As the head of the Strategic Services Division, Defendant Montgomery was a policy maker with respect to her division.

7. Defendant Caleb Laieski, was a resident of Maricopa County, Arizona at all times relevant to this lawsuit. He committed acts within the County of Maricopa that led to this lawsuit.

8. Defendants Does 1-10 and White and Black Corporations I-X, whose true identities are not know by Plaintiffs at this time, are sued fictitiously until discovery

2

reveals their true identity. The extent of these Defendants' liability, if any, to Plaintiffs is not fully known at this time, but may include any and all causes of actions alleged against other Defendants.

9. The incident from which this case arises and other material events occurred in Maricopa County, Arizona. The amount in controversy exceeds the minimum jurisdictional limits of this Court. Therefore, jurisdiction is proper in this Court pursuant to A.R.S. § 12-123. Furthermore, this Court has concurrent jurisdiction over Plaintiffs' federal 42 U.S.C. § 1983 claim pursuant to *Haywood v. Drown*, 556 U.S. 729, 731 (2009).

10. This Court is the proper venue for this action pursuant to A.R.S. § 12-401.

## ALLEGATIONS COMMON TO ALL CLAIMS

11. Defendant Wilson was hired by the Phoenix Police Department on August 24, 1998. At all times relevant to this lawsuit, he was a Detective with the Community Relations Bureau of the Phoenix Police Department. He was also assigned by the Phoenix Police Department as the liaison with the Lesbian, Gay, Bisexual, and Transgender (hereinafter "LGBT") community.

12. Defendant Wilson's direct supervisor, at all times relevant to this lawsuit, was Sergeant Mark Schweikert. Defendant Montgomery was the head of Defendant Wilson's and Schweikert's chain of command.

13. Defendant Laieski met John Doe Castro when John Doe Castro was 13 years old in 2011. Defendant Laieski posed as a friend and mentor to John Doe Castro. Defendant Laieski became close with John Doe Castro and the entire Castro family in 2011 and 2012.

14. Defendant Laieski was hired as an employee by the City of Phoenix in or about March 2012.

15. In 2012 Defendant Laieski engaged in sexual misconduct with John Doe Castro while John Doe Castro was only 14 years old in violation of A.R.S. § 13-1405.

3

16. During that same period in 2012, upon information and belief Defendant Wilson and Defendant Laieski began a romantic and sexual relationship.

17. On or about July 4, 2012, Defendant Wilson met John Doe Castro. At the time, John Doe Castro was a 14-year-old minor.

18. Defendant Wilson met both Defendant Laieski and John Doe Castro through his employment as a Phoenix Police liaison with the LGBT community and within the course and scope of his employment.

19. Defendant Wilson was able to gain John Doe Castro's trust through their mutual friend Defendant Laieski and through the romantic and sexual relationship that Defendant Laieski had forged with both Defendant Wilson and John Doe Castro.

20. Defendant City of Phoenix personnel, including Defendant Montgomery and others in both the Phoenix Police Department and the Mayor's office, observed Defendant Wilson acting inappropriately with Defendant Laieski in violation of police rules and procedures, and knew that he had a propensity for grooming potential minor victims of sexual misconduct through these behaviors.

21. Defendant Wilson would take Defendant on unaccompanied "ride alongs" in police vehicles, bought Defendant Laieski gifts, assisted Defendant Laieski with personal errands, and engaged in other inappropriate behavior, all during the time he was "on the clock" for Defendant City of Phoenix during his work shifts.

22. Upon information and belief, Defendant City of Phoenix personnel knew that Defendant Wilson and Defendant Laieski were engaged in a romantic relationship.

23. Defendant City of Phoenix personnel, including Sergeant Schweikert, warned other Defendant City of Phoenix employees that Defendant Wilson was engaged in inappropriate behavior in violation of Phoenix Police Department policies and regulations.

24. But, despite this knowledge and these warnings, no one from Defendant City of Phoenix acted to protect John Doe Castro from Defendant Wilson or otherwise acted to discipline Defendant Wilson or prevent him from engaging in inappropriate behavior which included grooming potential young victims of sexual misconduct.

25. In fact, Defendant City of Phoenix employees, including Defendant Montgomery, acted to intervene on Defendant Wilson's behalf against any criticism of his activities or inappropriate behavior.

26. On or between July 1, 2012 and August 2, 2012, Defendant Wilson accompanied John Doe Castro and Defendant Laieski to the latter's residence. He proceeded to make sexual contact with the two minors in violation of A.R.S. § 13-1405.

27. Defendant Laieski also participated in the sexual encounters between Defendant Wilson and John Doe Castro, in violation of A.R.S. § 13-1405.

28. Defendant Wilson encouraged and directed Defendant Laieski to engage in sexual conduct with John Doe Castro in violation of A.R.S. § 13-1405.

## COUNT I
### (Negligence Against Wilson and Montgomery)

29. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

30. Defendant Wilson had a duty to protect members of the community, particularly vulnerable members of the community such as minors. Defendant Wilson especially owed duties of protection and care to the members of the LGBT community, for whom he served as a liaison with the City of Phoenix Police Department.

31. Defendant Montgomery had a duty to protect the members of the community, and the duty to properly supervise her personnel to ensure same.

32. Defendants Wilson and Montgomery had a duty, as sworn officers, to protect the rights of John Doe Castro, a vulnerable minor and member of the LGBT community.

33. Defendant Wilson breached his duties of care and protection by sexually molesting John Doe Castro.

34. Defendant Montgomery breached her duties of care and protection by failing to take action to ensure her inferior officer, Defendant Wilson, remained compliant with his sworn duties.

35. Defendants Wilson and Montgomery acted negligently in breach of their duties.

36. Defendant Wilson's and Defendant Montgomery's negligence was the direct and proximate cause of John Doe Castro's damages. Plaintiffs are entitled to recover any and all damages on behalf of John Doe Castro in an amount to be determined at trial.

## COUNT II
### (Negligence Against Laieski)

37. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

38. Defendant Laieski was a social host to minor John Doe Castro when Defendant Wilson sexually molested Castro.

39. As a social host, Defendant Laieski had an affirmative duty to refrain from knowingly exposing John Doe Castro to a hidden peril.

40. Defendant Laieski, through his prior relationship with Wilson, was aware of Wilson's propensity for engaging in inappropriate sexual relationship with minors.

41. Defendant Laieski breached his duty to warn John Doe Castro of Defendant Wilson.

42. Defendant Laieski had a further duty to render aid to John Doe Castro after Wilson's sexual molestations, having known and being aware that his conduct had caused harm to Castro.

43. Defendant Laieski breached his duty to render aid. Instead, Defendant Laieski interfered with the attempts of other third parties to render aid to John Doe Castro.

44. Defendant Laieski's negligence was the direct and proximate cause of John Doe Castro's damages. Plaintiffs are entitled to recover any and all damages on behalf of John Doe Castro in an amount to be determined at trial.

## COUNT III
### (Negligence *Per Se* Against Wilson and Laieski)

45. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

46. Defendant Wilson's and Defendant Laieski's conduct was in violation of A.R.S. §§ 13-1405.

47. A.R.S. § 13-1405 was enacted by the Arizona legislature to protect the citizenry of the state of Arizona.

48. Defendant Wilson's and Defendant Laieski's violation of said statute constitutes negligence *per se*. Defendants Wilson and Laieski are jointly and severally liable for damages to Plaintiffs for their conduct, under A.R.S. § 12-2506(D).

49. Defendant Wilson's and Defendant Laieski's violation of these public safety statutes was the direct and proximate cause of John Doe Castro's damages. Plaintiffs are entitled to recover any and all damages on behalf of John Doe Castro in an amount to be determined at trial.

## COUNT IV
**(Direct Negligent Infliction of Emotional Distress Against Wilson and Laieski)**

50. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

51. Defendant Wilson's and Defendant Laieski's negligence, set forth above, created an unreasonable risk of bodily harm to John Doe Castro.

52. Defendant Wilson's and Defendant Laieski's negligence was the direct and proximate cause of emotional distress to John Doe Castro. Defendants Wilson and Laieski are jointly and severally liable for damages to Plaintiffs for their conduct, under A.R.S. § 12-2506(D).

53. Plaintiffs did, in fact, suffer from emotional distress as a result of said negligence. This emotional distress manifested itself and resulted in physical injury and illness to John Doe Castro.

54. On behalf of John Doe Castro, Plaintiffs are entitled to recover any and all damages caused by Defendant Wilson's and Defendant Laieski's negligent infliction of emotional distress, in an amount to be determined at trial.

## COUNT V
**(Intentional Infliction of Emotional Distress Against Wilson)**

55. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

56. Defendant Wilson's conduct in performing sexual acts on a 17-year-old minor in John Doe Castro's presence was extreme and outrageous.

57. Defendant Wilson's conduct, described in the preceding paragraph, was at least reckless.

58. Defendant Wilson's reckless conduct caused John Doe Castro to suffer severe emotional distress.

59. On behalf of John Doe Castro, Plaintiffs are entitled to recover any and all damages caused by Defendant Wilson's intentional infliction of emotional distress, in an amount to be determined at trial.

## COUNT VI
### (Aiding and Abetting Tortious Conduct Against Wilson and Laieski)

60. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

61. Defendant Laieski engaged in sexual conduct with John Doe Castro, for which acts he is liable to John Doe Castro.

62. Defendant Wilson engaged in sexual conduct with John Doe Castro, for which acts he is liable to John Doe Castro.

63. Defendants Wilson and Laieski were aware that each other's conduct were tortious and negligent in nature.

64. Defendant Wilson aided and abetted Defendant Laieski, in commission of sexual acts upon John Doe Castro, by assisting and/or encouraging him to commit such acts.

65. Defendant Laieski aided and abetted Defendant Wilson, in commission of sexual acts upon John Doe Castro, by assisting and/or encouraging him to commit such acts.

66. Defendants Wilson and Laieski are jointly and severally liable for damages to Plaintiffs for their conduct under A.R.S. § 12-2506(D).

67. John Doe Castro has suffered damages as a direct and proximate result of Defendant Wilson's and Defendant Laieski's aiding and abetting tortious conduct.

68. On behalf of John Doe Castro, Plaintiffs are entitled to recover any and all damages caused by Defendant Wilson's and Defendant Laieski's aiding and abetting tortious conduct, in an amount to be determined at trial.

## COUNT VII
### (Negligent Supervision Against Montgomery)

69. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

70. Defendant Montgomery was the Assistant Chief of Phoenix Police Department, head of its Strategic Services Division, and the head of Defendant Wilson's chain of command.

71. As Wilson's supervisor, Defendant Montgomery had a duty to exercise care and control over Wilson's activities in connection with his work and duties to ensure no harm results from said conduct.

72. Defendant Montgomery was negligent in her supervisory duties by allowing Defendant Wilson his duties and A.R.S. § 13-1405 through his sexual misconduct with John Doe Castro, which was a direct and proximate cause of harm to John Doe Castro. Plaintiffs are entitled to recover on John Doe Castro's behalf any and all damages caused by Defendant Montgomery's Negligent Supervision in an amount to be determined at trial.

## COUNT VIII
### (Civil Rights Violation Under 42 U.S.C. § 1983 Against All Parties)

73. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

74. The Constitution of the United States and the laws of the state of Arizona protect John Doe Castro's right to be free from sexual abuse.

75. Defendants Laieski and Wilson directly violated John Doe Castro's rights by engaging in unlawful sexual contact with him.

76. Defendants Montgomery and the City of Phoenix are liable to Plaintiffs for Wilson's civil rights violations as set forth in *Gibson v. County of Washoe, Nev.*, 290 F.3d 1175, 1185 (9th Cir. 2002).

77. Defendants Montgomery and the City of Phoenix had a duty to supervise Wilson's conduct within the course and scope of his employment.

78. Defendants Montgomery and the City of Phoenix were on constructive notice that their omissions would likely result in harm.

79. Moreover, Defendants Montgomery and the City of Phoenix knew that Defendant Wilson was engaging in inappropriate behavior with minor boys, upon information and belief including a romantic relationship with Defendant Laieski when Defendant Laieski was a minor.

80. However, Defendants Montgomery and the City of Phoenix failed to act.

81. The omissions displayed by Defendants described above were caused by Defendants' deliberate indifference.

82. Defendants Montgomery and the City of Phoenix's deliberate indifference was a moving force behind the constitutional violation committed by Defendants Wilson and Laiseki.

83. Defendants Montgomery and the City of Phoenix, through custom and policy, created an environment in which Defendant Wilson was allowed to engage in improper and inappropriate behavior.

84. Defendants Montgomery and the City of Phoenix failed to take action when Defendant Wilson's improper behavior was brought to their attention.

85. The omissions described above constituted deliberate indifference, which was a moving force behind the constitutional violations committed by Defendant Wilson.

86. Defendants' civil rights violations were the direct and proximate cause of John Doe Castro's harm.

87. On behalf of John Doe Castro, Plaintiffs are entitled to recover any and all damages caused by Defendants' violations in an amount to be determined at trial.

### COUNT IX
### (Punitive Damages Against Laieski, Wilson, and Montgomery)

88. Plaintiffs incorporate by reference all foregoing paragraphs and allegations as if fully set forth herein.

89. Defendants' misconduct was guided with an "evil mind" and perpetrated with reckless indifference to John Doe Castro's constitutionally protected rights and to the substantial likelihood that John Doe Castro would suffer significant harm as a result of Defendants' misconduct.

90. Therefore, Plaintiffs are entitled to recover punitive and exemplary damages.

91. All Defendants are jointly and severally liable for punitive damages to Plaintiffs for their conduct under A.R.S. § 12-2506(D).

WHEREFORE, Plaintiffs pray and demand Judgment against Defendants, and each of them, as follows:

A. For compensatory damages in an amount to be proven at trial;

B. For general damages and pain and suffering in an amount to be proven at trial;

C. For costs pursuant to A.R.S. § 12-341 and other statutory authority;

D. For attorneys' fees pursuant to 42 U.S.C. § 1988 and other statutory authority;

E. For interest at the highest legal rate available on all amounts awarded from the earliest possible date until paid, including pre-judgment interest;

F. For punitive damages; and

G. For such other and further relief as this Court deems just and proper.

DATED this 2nd day of July, 2014.

GALLAGHER & KENNEDY, P.A.

By _____
Patrick J. McGroder III
Lincoln Combs
2575 East Camelback Road
Phoenix, Arizona 85016-9225

HERMAN | GOLDSTEIN

By _____
Evan S. Goldstein
Hesam Alagha
1850 East Thunderbird Road
Phoenix, Arizona 85022
Attorneys for Plaintiffs

24145-0001/4277201